motion for a new trial. See *Baker* v. *State*, 14 *Ga. App.* 578 (4) (81 S. E. 369), and cases cited.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED DECEMBER 12, 1922.

Indictment for larceny of cotton; from Spalding superior court — Judge Searcy. July 15, 1922.

*J. A. Darsey, J. J. Flynt,* for plaintiff in error.

*E. M. Owen, solicitor-general, W. H. Beck, W. H. Conner,* contra.

---

### 13908.  WATSON *v.* THE STATE.

LUKE, J. For no reason assigned did the court err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED DECEMBER 12, 1922.  REHEARING DENIED JANUARY 10, 1923.

Certiorari (conviction of possessing liquor) ; from Laurens superior court — Judge Kent. August 2, 1922.

*W. A. Dampier,* for plaintiff in error.

*E. L. Stephens, solicitor-general, William Brunson, solicitor,* contra.

---

### 13936.  PERKINS *v.* THE STATE.

1. In a prosecution for forgery it is not necessary to allege or prove that actual loss resulted from the forgery.
2. What the solicitor-general on the argument of a demurrer says as to the section of the code under which an indictment is found does not necessarily determine the question; but the true criterion is the description of the crime as given in the indictment. " The description characterizes it."
3. " A written instrument set forth according to its tenor in an indictment must be proved as alleged;" hence, where an indictment for forgery of a note gave a copy of the note, including the date, and it was not charged that the forgery extended to a change of the date of the note, it was .error to admit in evidence a note bearing a date different from that alleged in the indictment.
4. Grounds of a motion for a new trial should be complete in themselves, and where a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignment of error.

DECIDED DECEMBER 12, 1922.